IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 SEP 24  P 4: 43

U.S. DISTRICT COURT
DISTRICT OF MASS.

APPLIANCE DEVELOPMENT CORPORATION )
                                      )
        Plaintiff,                      )
                                      )  Civil Action No.
v.                                    )
                                      )
IGIA, INC. and                    )
TACTICA INTERNATIONAL, INC.    )
                                      )
        Defendants.                  )
                                      )

# 04 - 12070 GAO

MAGISTRATE JUDGE Collings

## COMPLAINT

1.      Plaintiff, Appliance Development Corporation, is a corporation duly organized and existing under the laws of the State of Delaware, having a place of business at 130 Centre Street, Danvers, Massachusetts.

2.      On information and belief, Defendant IGIA, Inc. "(IGIA") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 11 W. 42nd Street, 7th Floor, New York, New York.

3.      On information and belief, Defendant Tactica International, Inc. ("Tactica") is a corporation organized and existing under the laws of the State of Nevada, having a place of business at 11 W. 42nd Street, 7th Floor, New York, New York, and is a wholly-owned subsidiary of Defendant IGIA, Inc.

## NATURE OF THE ACTION

4.      Plaintiff has been in business since 1990 for the purpose of creating and designing appliances and like products for others who manufacture and sell these products. Plaintiff is a leader

1

RECEIPT #_____
AMOUNT $_____ 150 ___
SUMMONS ISSUED____Y____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE_____9/27/04_____

in this field and has a significant investment in its intellectual property including various United States and foreign patents and has other applications for United States and foreign patents pending which relate to various aspects of products that have been created by Plaintiff.

5.    In some situations Plaintiff has licensed its intellectual property to third parties. In other situations Plaintiff has assigned its intellectual property to third parties. Plaintiff's compensation has included (1) lump sum payments for design efforts, (2) royalty payments, and (3) combinations thereof.

6.    Defendants IGIA and Tactica have been customers of Plaintiff for its design services in the past.

7.    This action arises because Defendant Tactica has breached three agreements with Plaintiff with respect to (1) hair coloring products, (2) hair wrapping products and (3) skin exfoliating/hair-abrading products. Plaintiff designed each of these products entirely at Plaintiff's expense in reliance of receiving reports and payments from Defendant Tactica based upon the sales of these products. Plaintiff has not received reports or payments as required by these agreements despite repeated requests and demands for such reports and payments. Plaintiff accordingly terminated each of those three agreements. Defendants IGIA and Tactica thus no longer have any right to make, use, sell or offer for sale products designed for them by Plaintiff.

8.    However, Defendants Tactica and IGIA continue to make or have made and continue to offer for sale hair coloring products, hair wrapping products and skin exfoliating/hair-abrading products, all according to Plaintiff's designs. These continued offers to sell without compensation to Plaintiff unjustly enrich Defendants Tactica and IGIA and constitute infringement by Defendants of:

2

a.   United States Design Patent No. D474,561 for a Hair Coloring Device (the "'561 patent"), duly and legally issued by the United States Patent and Trademark Office on May 13, 2003, copy attached as Exhibit A and assigned to Plaintiff;

b.   United States Design Patent No. D491,310 for a Hair Wrapping Device (the "'310 patent"), duly and legally issued by the United States Patent and Trademark Office on June 8, 2004, copy attached as Exhibit B and assigned to Plaintiff.

9.   Plaintiff additionally has pending other applications for patent. On information and belief, Defendants' continued offers for sale will constitute infringement of corresponding patents to issue therefrom.

## JURISDICTION AND VENUE

10.   This Court has original and exclusive jurisdiction pursuant to Title 28, United States Code, Section 1338(a), because one or more of the Counts in this action arise under the Patent Laws of the United States (Title 35, United States Code, Section 1 et seq.) and supplemental jurisdiction over the remaining Counts pursuant to Title 28, United States Code, Section 1367.

11.   Venue in this judicial district is proper pursuant to Title 28, United States Code, Sections 1391(b) and (c) and 1400 (b), because Defendants are doing business in this judicial district.

## COUNT I

## HAIR COLORING PRODUCTS

12.     On or about October 29, 2002, Plaintiff submitted a proposal to Avi Sivan, President of Defendant IGIA, for the development of a hair coloring product. On February 14, 2002 Plaintiff and Defendant IGIA entered into a Product Development Agreement (copy attached as Exhibit C). Under this agreement Plaintiff was to develop, at Plaintiff's own expense, a hair coloring product to include the nomination of manufacturers. Defendant Tactica agreed to pay Plaintiff a five percent (5%) royalty of the invoiced FOB price for the sale of each product including any and all accessories.

13.     In reliance of the February 14, 2002 agreement, Plaintiff designed a hair coloring product and performed all other of Plaintiff's obligations under that agreement.

14.     Subsequently Plaintiff and Defendant Tactica entered into an agreement with respect to the hair coloring product developed by Plaintiff (copy attached as Exhibit D). This agreement was effective August 1, 2002. It was signed on behalf of Plaintiff on May 20, 2003 and on behalf of Defendant Tactica on June 4, 2003. Plaintiff fulfilled all of its obligations under that agreement. The agreement identifies two patent applications, one of which is the one from which the '561 patent of Exhibit A issued. The other application is Serial No. 10/227,145 filed August 23, 2002 for a Hair Treating Device published as Pub. No. US 2004/00354435 on February 26, 2004 (copy attached as Exhibit E).

15.     The August 1, 2002 agreement (Exhibit D) granted Defendant Tactica an exclusive license throughout the world for the manufacture, sale and use of hair coloring products. The August 1, 2002 agreement (Exhibit D) also required Defendant Tactica to make royalty reports and royalty

4

payments to Plaintiff on a quarterly basis with a first report and payment through February 28, 2003 being due within ten (10) days of the signing of the agreement.

16.    On information and belief Defendants began to offer for sale a "Brush N Color" hair coloring product that incorporates all of Plaintiff's designs and continue to offer "Brush N Color" hair coloring products for sale. Exhibit F is a copy of a current web page that offers "Brush N Color" hair coloring products to be found at:

"http://secure.igia.com/prodetail.cfm?ID=AT6781"

17. Plaintiff has not received reports or payments from Defendant Tactica in compliance with the August 1, 2002 agreement (Exhibit D) despite requests from Plaintiff. On or about October 10, 2003 Plaintiff made a demand in writing for reports due.  Plaintiff never received any response to those demands. Subsequently Plaintiff sent representatives of Defendant Tactica a letter of termination (copy attached as Exhibit G).

18. Defendant IGIA continues to sell and/or to offer for sale its hair coloring products according to Plaintiff's designs throughout the United States including Massachusetts as "Brush N Color" hair coloring products.  On information and belief, sales and offers for sale of the "Brush N Color" hair coloring products infringe the '561 patent (Exhibit A).  On information and belief, sales and offers for sale of the "Brush N Color" hair coloring products will infringe the published application (Exhibit E) upon its issue.

19. On information and belief, Defendants' acts of infringement of the '561 patent (Exhibit A) are deliberate and willful.  On information and belief, Defendants' acts, if allowed to continue, will deliberately and willfully infringe the patent issued based upon the disclosure and claims in the published application (Exhibit E).

20.    On information and belief, Defendants are unjustly enriched by their acts of offering hair coloring products for sale embodying the Plaintiff's designs without compensation to Plaintiff.

## COUNT II

## HAIR WRAPPING PRODUCTS

21. On or about October 29, 2002 Plaintiff submitted a proposal to Defendant IGIA for a hair wrapping device, copy attached as Exhibit H. That proposal was signed by Plaintiff and Defendants on that same day. Plaintiff was to develop, at Plaintiff's own expense, a hair wrapping device and to assist Defendants in the selection of manufacturers.

22. In reliance on this relationship, Plaintiff designed a hair wrapping product and performed all other relevant acts that were outlined in the October 29, 2002 proposal (Exhibit H).

23. Subsequently Plaintiff and Defendant Tactica entered into an agreement with respect to the hair wrapping product developed by Plaintiff (copy attached as Exhibit I). This agreement was effective March 1, 2003. It was signed on behalf of Plaintiff on May 20, 2003 and on behalf of Defendant Tactica on June 4, 2003. Plaintiff performed all of its obligations under that agreement. The agreement identifies two patent applications. United States utility patent application identified at Article I.D.1 of Exhibit I was filed as Serial No. 10/449,567 on May 30, 2003. The U.S. Design Patent Application identified at Article I.D.2. was filed as Serial No, 29/182,673 on June 8, 2004 and issued as the '310 patent (Exhibit B).

24. The March 1, 2003 agreement (Exhibit I) granted Defendant Tactica an exclusive license throughout the world for the manufacture, sale and use of hair wrapping products. The March 1, 2003

6

agreement (Exhibit I) required Defendant Tactica to make royalty reports and royalty payments to plaintiff on a quarterly basis with a first report and payment through May 31, 2003.

25. Plaintiff has not received reports or payments in compliance with the March 1, 2003 agreement (Exhibit I) despite reminders and demands from Plaintiff. Plaintiff never received any response to those reminders or demands. On or about January 23, 2004, Plaintiff sent representatives of Defendant Tactica a letter of termination, copy attached as Exhibit J.

26. On information and belief Defendant IGIA sells and/or offers for sale IGIA Fashion Wrap hair wrapping products throughout the United States including Massachusetts according to Plaintiff's designs. Exhibit K is a copy of a current web page that offers "Fashion Wrap" hair wrapping products and that is found at:

"http://secure.igia.com/prodetail.cfm?ID=AT7574".

27.    On information and belief these sales infringe the '310 patent (Exhibit B).   On information and belief, these sales will infringe the pending utility patent application Serial No. 10/449,567 identified at Article I.D.1 of Exhibit I upon its issue.

28. On information and belief Defendant is deliberately and willfully infringing the above-identified design patent and will deliberately and willfully infringe the patent issued based upon the disclosure and claims in the above-identified United States pending patent application identified at Article I.D.1 of Exhibit I.

29.    On information and belief, Defendants are unjustly enriched by their acts of offering hair wrapping products for sale embodying the Plaintiff's designs without compensation to Plaintiff.

## COUNT III

### SKIN EXFOLIATING/HAIR-ABRADING PRODUCTS

30. In 2003 Plaintiff made a proposal to Defendant IGIA for a skin exfoliating/hair-abrading product (copy of unsigned proposal attached as Exhibit L.

31. In reliance on acceptance of this proposal, Plaintiff designed a skin exfoliating/hair-abrading product and performed all other relevant acts required to provide Plaintiff Tactica with a fully designed skin exfoliating/hair-abrading product.

32. Subsequently Plaintiff and Defendant Tactica entered into an agreement with respect to the skin exfoliating/hair-abrading product developed by Plaintiff (copy attached as Exhibit M). This agreement was effective July 18, 2003. Plaintiff has fulfilled all of its obligations under that agreement. Plaintiff has filed a utility patent application (Serial No. 10/932,185) and a design patent application (Serial No. 29/211,598).

33. The July 18, 2003 agreement (Exhibit M) granted Defendant Tactica an exclusive license throughout the world for the manufacture, sale and use of hair wrapping products. The July 18, 2003 agreement (Exhibit M) required Defendant Tactica to make royalty reports and royalty payments to plaintiff on a quarterly basis with a first report and payment through May 31, 2003.

34. Plaintiff has not received reports or payments from Defendant Tactica in compliance with the July 18, 2003 agreement (Exhibit M) despite reminders from Plaintiff. Plaintiff identified two defaults. The first was a failure to exert "best efforts". The second was a failure to submit reports and payments. A copy of the letter is attached as Exhibit N. Plaintiff never received any response to that

letter. Subsequently Plaintiff sent representatives of Defendant Tactica a letter of termination (copy attached as (Exhibit O).

35. On information and belief, Defendant IGIA sells and/or offers for sale hair removal products according to Plaintiff's designs throughout the United States including Massachusetts as Skin So Smooth hair removers. Exhibit P is a copy of a current web page that offers "Skin So Smooth" hair removers and that is found at:

"http://secure.igia.com/prodetail.cfm?ID=AT7188".

36. On information and belief, these sales will infringe claims in patents based upon the pending utility and design patent applications identified in Paragraph 32 above.

37. On information and belief Defendant will deliberately and willfully infringe the patent issued based upon the disclosure and claims in the above-identified United States pending patent applications identified in Paragraph 32 above.

38. On information and belief, Defendants are unjustly enriched by their acts of offering Skin So Smooth hair removers for sale embodying the Plaintiff's designs without compensation to Plaintiff.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

A.      For judgment that United States Design Patent No. D474,561 (Exhibit A) and 491,310 (Exhibit B) have been infringed by Defendants IGIA and Tactica;

B.      For judgment that one or more of the claims of any patents that issue based upon United States Patent Application Pub. No. US2004/0035435 (Exhibit E) have been infringed by Defendants IGIA and Tactica;

C.      For an injunction preliminarily and permanently restraining and enjoining further infringement by or on behalf of Defendants IGIA and Tactica of any of the claims of the '561 and '310 patents;

D.      For an injunction preliminarily and permanently restraining and enjoining any infringement by or on behalf of Defendants IGIA and Tactica of any of the claims of any patent that is issued by the United States based on any of the above-identified pending patent applications.

E.      For an accounting and an award of damages adequate to compensate Plaintiff for infringements of the above-identified patents, but in no event less than a reasonable royalty for the use made of the inventions, together with interest thereon;

F.      For an increase in damages to three times the amount found or assessed as a result of willful infringement of the above-identified patents by Defendants IGIA and Tactica;

G.      For judgment that Defendants IGIA and Tactica have breached each of the above-identified agreements and have been unjustly enriched thereby;

10

H.     For a return of all materials supplied by Plaintiff to Defendants IGIA and Tactica in connection with the above-identified agreements;

I.     For an accounting and an award of damages to compensate Plaintiff for the breach of each agreement and ensuing unjust enrichment of Defendants Tactica and IGIA.

J.     For assessment and award of interest, costs and attorneys' fees against Defendants IGIA and Tactica; and

K.     For such other and further relief as the Court may deem just and proper.

Respectfully submitted,
Appliance Development Corporation
By Its Attorneys,

Dated: 9/24/04

Thomas C. O'Konski, Esq.
BBO #378625
Kevin Gannon, Esq.
BBO #640931
Cesari and McKenna, LLP
88 Black Falcon Drive
Boston, Massachusetts  02210
(617) 951-2500